

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2710

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zheng v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2710
_____

XIU HUA ZHENG,
                                  Petitioner
v.

ATTORNEY GENERAL OF THE UNTIED STATES,
                                  Respondent

_____

ON PETITION FOR REVIEW FROM AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Board No. A73-169-175)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:   McKEE, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed May 18, 2005)

_____

OPINION

_____

WEIS, Circuit Judge.

        Petitioner is a native and citizen of China who arrived in the United States

without inspection in 1993.  On October 3, 2003, the Board of Immigration Appeals

1

denied the petitioner's claims for asylum, violations of the Convention Against Torture, and withholding of deportation. In addition, the BIA denied a remand for adjustment of status based on an employer's application for a visa for petitioner.

On June 1, 2004, the BIA denied motions to reopen and reconsider the October 3, 2003 decision. Petitioner has appealed only the June 1, 2004 order.

The petitioner's brief argues the merits of his case underlying the BIA's order of October 3, 2003. However, a petition for review of that order should have been filed in this Court within thirty days. 8 U.S.C. § 1252(b)(1); see also Stone v. INS, 514 U.S. 386 (1995). Petitioner does not discuss that issue but simply argues as if the October 3, 2003 order were at issue; it is not. The question before us is whether the BIA abused its discretion in denying the motions to reopen and reconsider.

The Board has considerable discretion in deciding whether to reopen. Here, petitioner presented his employer's application for a visa based on employment. The Board was justified in not relying on that documentation because the request for an employment-based visa is dependent on meeting a quota. The likelihood of the application being approved was far from certain. In addition, the Service opposed the motion to reopen.

Petitioner challenges the IJ's adverse credibility determination, but we conclude that contention lacks merit. We have held that an adverse credibility finding may not be based on collateral inconsistencies. Tarrawally v. Ashcroft, 338 F.2d 180,

2

187 (3d Cir. 2003). In this case, however, the IJ's adverse finding was based on a number of major inconsistencies that were detailed in his opinion. These inconsistencies went to the heart of the petitioner's application. The Board was thus well within its discretion when it determined that the petitioner did not support his claim for reopening.

We find no abuse of discretion here. Nor is there new evidence in the record to justify granting the motion to reconsider. Petitioner must show an abuse of discretion. Merely re-arguing the merits of the original order of October 3, 2003 does not satisfy his burden.

Accordingly, the petition for review will be denied.